VILLAMIL ET AL, DEMANDANTES Y APELADOS, *v.* FUENTES, DEMANDADO Y APELANTE.

APELACIÓN procedente de la Corte de Distrito de San Juan, Sección Primera, en pleito sobre filiación.

No. 2066.—Resuelto en mayo 27, 1920.

RECONOCIMIENTO DE HIJOS NATURALES—PRUEBA CONTRADICTORIA—TESTIGOS COMPETENTES.—Aunque en un caso de reconocimiento de hijo natural en que se requiere una prueba robusta y convincente de los actos directos del padre que determinaron tal reconocimiento, la prueba sea contradictoria, si el fundamento que tuvo la corte inferior para concluir que los hechos estaban en favor del demandante es la mayor credibilidad que le merecieron los testigos de éste respecto de los del demandado, no se irá en apelación contra tal apreciación; sin que importe que los principales testigos de la demandante fueran ella misma y personas de su familia, pues esos testigos son los que mejor conocen por lo general los asuntos de familia.

Los hechos están expresados en la opinión.

Abogados del apelante: *Sres. E. Campillo* y *M. Tous Soto.*

Abogado de los apelados: *Sr. E. H. F. Dottin.*

EL JUEZ PRESIDENTE SR. HERNÁNDEZ, emitió la opinión del tribunal.

Los menores Josefa y Paulino Villamil, representados por su madre Carmen Villamil, radicaron demanda en la Corte de Distrito de San Juan, Sección Primera, con fecha 27 de marzo de 1918, contra Saturnino Fuentes, suplicando se les declare hijos naturales reconocidos de dicho Fuentes, con los demás pronunciamientos de ley, y costas, gastos y desembolsos a cargo del demandado.

Esa demanda fué declarada con lugar por sentencia de 26 de febrero de 1919 que declaró a los demandantes hijos naturales reconocidos de Saturnino Fuentes con todos los derechos inherentes a su condición de hijos naturales, y costas y honorarios de abogado a cargo del demandado, el cual interpuso contra ella recurso de apelación para ante esta Corte Suprema.

Los demandantes alegan en síntesis en su demanda que el demandado y Carmen Villamil, ambos solteros, sostuvieron relaciones amorosas y vivieron juntos bajo el mismo techo en concubinato abierto, desde el año 1899 hasta 1907; que viviendo ambos en concubinato nacieron los demandantes, Josefa en 1901 y Paulino en 1906, sin que los padres tuvieran impedimento alguno para casarse; que al ocurrir el nacimiento de los demandantes el demandado pagó los gastos de comadrona; que el demandado ha reconocido públicamente a los demandantes como hijos naturales suyos, habiéndolo manifestado así a varias personas; que siempre ha contribuído a la manutención de los demandantes y pagado los gastos de alquiler de casa y vestuario tanto de la madre como de los hijos y que éstos se hallan en la posesión contínua del estado de hijos naturales del demandado, justificado por los actos del mismo.

El demandado al contestar la demanda negó en absoluto los hechos en ella expuestos, y como materia nueva de oposición alegó que entre los años de 1899 hasta 1907 y después de esa fecha Carmen Villamil sostuvo relaciones maritales con distintos hombres, entre estos Germán Wolkers y Miguel Vélez, siendo considerada en la comunidad Josefa Villamil

como hija natural de Wolkers y Paulino Villamil como hijo natural de Vélez.

Celebrado el juicio la corte pronunció sentencia en los términos que al principio dejamos indicados, y para fundamentarla establece en su opinión como conclusiones de hecho las siguientes, a saber:

Que Saturnino Fuentes y Carmen Villamil, solteros ambos y sin impedimento legal para contraer matrimonio, sostuvieron relaciones amorosas con trato carnal y vivieron en concubinato desde 1899 hasta 1907, de cuya unión y concubinato nacieron Josefa y Paulino, de 18 y 12 años de edad respectivamente; que desde que nacieron Josefa y Paulino, Saturnino Fuentes los tuvo como hijos naturales y proveyó a su sustento y cuidado, los llamó sus hijos pública y privadamente y los atendió, no con larguez pero sí como cumplimiento de sus obligaciones paternas; que habiendo contraído matrimonio Saturnino Fuentes con una señora que no es Carmen Villamil, eludió desde entonces el cumplimiento de sus obligaciones paternas; y que habiendo empezado a practicar gestiones los menores demandantes por medio de su madre, para obtener el reconocimiento, el demandado intentó una transacción, ofreciendo para los hijos la suma de $1,500 y ciertas concesiones para el futuro, cuyas proposiciones no fueron aceptadas.

La parte apelante en su alegato escrito, mediante relación y examen de las pruebas practicadas en el juicio, trata de combatir la apreciación que de ellas hizo la corte inferior para deducir que no se ha justificado la existencia de hechos determinantes de la posesión del estado de hijos naturales de los demandantes con relación al demandado y que consiguientemente se ha infringido la ley aplicable al caso.

Hemos hecho un detenido examen de la evidencia aportada al juicio por ambas partes y si bien encontramos algún conflicto sobre todo en la parte relativa a las relaciones que sostuviera Carmen Villamil con otros hombres, especialmente con Germán Wolkers y Miguel Vélez, la corte lo resolvió

en el sentido de "ser cierto que Carmen Villamil ha podido tener amores con otros hombres que no fuera Saturnino Fuentes, pero no en el tiempo en que vivía en concubinato con éste, sin que se haya probado en forma alguna que Wolkers o Vélez hayan tenido hijo alguno con Carmen Villamil."

La corte *a quo* sostiene que debe reconocer la fuerza de la prueba presentada por la parte demandante por tener todo el peso de la credibilidad e imponerse a la conciencia del juzgador con toda la eficacia de la verdad y que nadie que haya oido declarar a los testigos del demandado, vacilantes y algunos negativos para el fin con que fueron traídos al juicio puede sin grave temor de conciencia honrada darles crédito alguno. No se nos ha demostrado que el juez al expresarse en esos términos para sostener sus conclusiones de hecho haya procedido con pasión, prejuicio, parcialidad o manifiesto error y tenemos que aceptar por tanto las conclusiones de hecho a que ha llegado.

Si Saturnino Fuentes, como estima probado la corte sentenciadora, vivió en concubinato con Carmen Villamil desde 1899 hasta 1907, si durante ese tiempo nacieron los menores Josefa y Paulino Villamil, si desde que nacieron el demandado los tuvo como hijos naturales y proveyó a su sustento y cuidado, si pública y privadamente los tuvo por hijos, se impone la conclusión legal de que Saturnino Fuentes reconoció por actos directos como hijos naturales suyos a los demandantes y que éstos han estado en la posesión constante del estado de tales hijos naturales deducido de actos directos de su padre que obligan a reconocer la filiación natural que reclaman.

Y el reconocimiento de esa filiación natural aparece todavía más demostrado por la evidencia que han aportado los demandantes, tendente a justificar que Saturnino Fuentes pagó a la comadrona que asistió a Carmen Villamil en los dos partos, que Saturnino Fuentes fué testigo de la inscripción de ambos niños en el registro civil y que un hermano de Saturnino Fuentes apadrinó a la niña Josefa y un

primo del mismo al niño Paulino, por más que esos méritos probatorios por sí solos, prescindiendo de los anteriormente consignados, no serían bastantes para constituir prueba del reconocimiento.

La prueba en su conjunto es tan robusta, convincente y concluyente que no deja la menor duda según el orden natural y ordinario de las cosas, del reconocimiento de los demandantes por el demandado.

Y no importa que las declaraciones más importantes hayan sido prestadas por la demandante Josefa Villamil, por su madre y por su abuela, pues esas declaraciones en el presente caso llevan el sello de la verdad y testigos de esas condiciones son los que mejor conocen por lo general los asuntos íntimos que se relacionan con la familia. *Fajardo et al.* v. *Tió*, 17 D. P. R. 249.

El apelante trata de hacer valer en el recurso la excepción que tomó al no permitírsele repreguntar a la testigo Carmen Villamil sobre el color de Saturnino Fuentes.

Ciertamente que al repreguntar el demandado a Carmen Villamil por el color que tenía Saturnino Fuentes la representación de los demandantes se opuso a la repregunta, y habiendo sostenido el juez la objeción el demandado tomó excepción.

Resulta de la transcripción de autos que Josefa y Paulino Villamil estaban en la corte, lo mismo que su madre Carmen Villamil, y no habiéndose ministrado por el demandado prueba alguna sobre el color de aquéllos, faltaba base para calificar de pertinente y admitir la repregunta indicada. No vemos qué influencia pudiera tener en el resultado del juicio el color de Saturnino Fuentes, aún en el supuesto de que fuera blanco.

Tampoco se alegó razón alguna para sostener la excepción, como debió hacerse por el demandado.

Finalmente, debe tenerse en cuenta en cuanto al menor Paulino Villamil que éste fué concebido y nació en el año de 1906 cuando ya regía el Código Civil reformado, y que

según el artículo 193 de dicho código el padre estaba obligado a reconocer al hijo ilegítimo entre otros casos cuando la madre fué conocida viviendo en concubinato con el padre al tiempo del embarazo o nacimiento del hijo o cuando éste haya nacido llevando sus padres relaciones amorosas. El concubinato o vida común de Saturnino Fuentes y Carmen Villamil sería bastante por sí solo para decretar el reconocimiento solicitado por el menor Paulino.

Por las razones expuestas es de confirmarse la sentencia apelada.

*Confirmada la sentencia apelada.*

Jueces concurrentes: Sres. Asociados Wolf, del Toro, Aldrey y Hutchison.